**Adama CAMARA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General of the United States, Respondent.**

No. 04–6098–ag.

United States Court of Appeals, Second Circuit.

June 27, 2006.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Susan W. Brooks, United States Attorney for the Southern, District of Indiana, Donna R. Eide, Assistant United States Attorney, Indianapolis, Indiana, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision. A native and citizen of Guinea–Bissau, petitioner Adama Camara (hereinafter "petitioner" or "Camara") seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of Camara's claims for asylum, withholding of removal, and

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

relief under the United Nations Convention Against Torture ("CAT"). On appeal, Camara contends, *inter alia,* that he has a well-founded fear of future persecution on the basis of the alleged persecution suffered by his father. Because the BIA did not consider this claim at all, we remand the case to the BIA so that it may consider Camara's argument in the first instance.

## BACKGROUND

After entering the United States in September 2000, Camara filed a written application for asylum in March 2001. At that time, Camara alleged that he had suffered past persecution and had a well-founded fear of future persecution because of his imputed political beliefs. Petitioner explained that, while in Guinea–Bissau, he had assisted his politically-active father. Camara's father had encouraged voters to cast their ballots for the African Party for the Independence of Guinea–Bissau and Cape Verde ("PAIGC"). Camara alleged that, after the overthrow of the PAIGC leader, he and his father were twice "captured" and "mistreated." During the second of these arrests, Camara's father was badly beaten, and although he and his father were released from prison after three days, petitioner's father died a few days later. Shortly thereafter, Camara fled Guinea–Bissau, first to Senegal with his family, and then, by himself, to the United States.

After a full hearing, the IJ denied Camara's petition. In so doing, the IJ noted several putative discrepancies in Camara's testimony, but did not make an adverse credibility ruling against him. Instead, the IJ rejected all of Camara's claims on the ground that Camara had failed to demonstrate a well-founded fear of persecution. The BIA affirmed the IJ's decision in a short opinion in which the BIA explained that no credibility ruling had been made against petitioner, but added that Camara had also failed to establish past persecution in Guinea–Bissau.

Camara subsequently filed a timely petition for review with this Court.

## DISCUSSION

Where, as here, the BIA issues an opinion affirming and supplementing the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005).

On appeal, Camara contends that he has a well-founded fear of persecution (1) on the basis of his imputed political beliefs, and (2) on the basis of the persecution and abuse endured by his father. Petitioner's latter argument raises an issue that we have not, thus far, explicitly decided in this circuit, *i.e.,* whether the persecution suffered by a similarly-situated friend or family member can be sufficient to establish a well-founded fear of future persecution. Other circuits have held that persecution against family and friends can support an applicant's claim of a well-founded fear of future persecution, even where he himself has not suffered similar persecution. *See, e.g., Hongke Zhang v. Ashcroft,* 388 F.3d 713, 718 (9th Cir.2004) ("[T]he treatment of [the petitioner's] similarly-situated family members is highly indicative of the abuse that [petitioner] would encounter upon return."); *Nyonzele v. INS,* 83 F.3d 975, 983 (8th Cir.1996) ("Acts of violence against an alien's family members may demonstrate a well-founded fear of persecution, notwithstanding an utter lack of persecution against the petitioner [him]self." (internal quotation marks omitted) (alteration in original)).

In the instant case, in denying petitioner's claims, the BIA never discussed Camara's argument that he had a well-founded fear of future persecution based on his father's experiences, although Camara made this argument to the BIA. Where the BIA has not considered petitioner's argument at all—either directly or indirectly (by, for example, summarily affirming an IJ's treatment of the issue)—the "ordinary remand rule" requires that the case be remanded to the BIA so that the agency may examine the issue in the first instance. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). Accordingly we remand the case to the BIA for further proceedings consistent with this decision.

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).